**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Miriam Butler and Evelyn Stewart, in her capacity as Personal Representative of the Estate of Joseph Stewart, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>The Travelers Home and Marine Insurance Company and The Standard Fire Insurance Company,<br><br>    Defendants. | Civil Action No.: 3:19-cv-02621-JMC |

**DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION COMPLAINT**

  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants The Travelers Home and Marine Insurance Company and The Standard Fire Insurance Company move to dismiss the First Amended Class Action Complaint (Entry No. 13), for failure to state a claim upon which relief may be granted. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

  This case is one of numerous putative class action lawsuits filed across the country involving the application of depreciation in estimating "actual cash value" under homeowners and commercial property insurance policies.[1] The homeowners' insurance policies issued by Defendants to Plaintiffs provide for payment of the "actual cash value" (ACV) of covered damage to structures, unless and until the insured repairs or replaces the damaged property. After repair or

---

[1] To Defendants' knowledge, this is the first such case filed in any South Carolina federal or state court.

1

replacement is completed, a supplemental payment is made so that the total amount paid is the full cost of repair or replacement of covered damage (subject to the deductible and any other applicable provisions of the policy). If, however, the insured declines to make the repairs or fails to demonstrate that he or she spent more than the ACV in making repairs, the policy provides coverage only on an ACV basis.

For decades, courts across the country, including the South Carolina Supreme Court, have interpreted "actual cash value" in accordance with its ordinary, common sense meaning, i.e., the actual value in cash or, in other words, the actual economic value of the damaged property. One of the well-established methods used for estimating the ACV/actual economic value of damaged property is the cost approach, which involves estimating the replacement cost of the damage and then subtracting depreciation. This approach to property valuation is used not only for insurance purposes, but also for property tax assessments, real estate appraisals and other purposes. When this approach is used to estimate ACV, depreciation is applied to the full cost of repair or replacement, not merely a portion of that cost. This replacement-cost-less-depreciation approach to estimating ACV was used by Defendants in adjusting Plaintiffs' insurance claims in this case.

In recent years, plaintiffs' attorneys across the country have attempted to create a legal fiction, under which the ACV of damaged property would *not* be the actual value in cash of the property. These plaintiffs contend that, where an insurance policy provides for payment of ACV, the policyholder is entitled, as a matter of law, to be paid an amount calculated by estimating the replacement cost of the damage and subtracting only the *portion* of the depreciation attributable to the cost of materials. The argument made is that only the cost of building materials depreciates, not the labor to install them. But this proposed interpretation of ACV makes no economic sense, is contrary to the plain and ordinary meaning of the words "actual cash value," and contrary to

2

court decisions and insurance industry practices stretching back many decades. There is no support for the proposition that Plaintiffs' approach is an *accurate* method of valuing a structure, or any portion thereof. It is the full value of property that depreciates over time, not merely the portion of the property's value that might be attributable to the materials that went into building the structure. It is the value of the roof of a structure that depreciates, for example, not the shingles and nails. For these reasons and others, Plaintiffs' proposed approach was squarely rejected as a matter of law by the majority of courts to address this issue, including state supreme courts in Nebraska, Oklahoma and Minnesota, and federal courts of appeals applying Kansas and Missouri law.[2]

The First Amended Complaint alleges claims for breach of contract (Count I) and declaratory judgment (Count II) that are premised entirely on the erroneous legal theory described above. The breach of contract claim (Count I) alleges that Defendants "breached [their] contractual duty to pay Plaintiffs and members of the proposed class the ACV of their claims by unlawfully withholding labor as depreciation." (First Am. Compl., ¶ 107.) Because Defendants had no such contractual duty, this claim should be dismissed as a matter of law. *See*, *e.g.*, *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 771 (W.D. Pa. 2015) (granting Rule 12(b)(6) motion to dismiss because breach of contract claim alleging improper "labor depreciation" failed as a matter of law); *Cranfield v. State Farm Fire & Cas. Co.*, 340 F. Supp. 3d 670, 677 (N.D. Ohio 2018) (same result).

The declaratory judgment claim (Count II) seeks "a declaration that Travelers' property insurance contracts prohibit the withholding of labor costs as depreciation when adjusting partial

---

[2] *Henn v. American Family Mut. Ins. Co.*, 894 N.W.2d 179 (Neb. 2017); *In re State Farm Fire & Cas. Co.*, 872 F.3d 567 (8th Cir. 2017) (Missouri law); *Graves v. American Family Mut. Ins. Co.*, 686 Fed. Appx. 536 (10th Cir. 2017) (Kansas law); *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780 (Minn. 2016); *Redcorn v. State Farm Fire & Casualty Co.*, 55 P.3d 1017, 1019 (Okla. 2002); *but see Hicks v. State Farm Fire & Cas. Co.*, 751 Fed. App'x 703 (6th Cir. 2018) (unpublished 2-1 decision predicting that Kentucky would not follow the majority rule); *Lammert v. Auto-Owners (Mut.) Ins. Co.*, 572 S.W.3d 170 (Tenn. 2019) (declining to follow majority rule).

losses under the methodology employed here." (First Am. Compl., ¶ 116.) Given that this theory is incorrect as a matter of law and overlaps with the breach of contract claim, the declaratory judgment claim should be dismissed. *See*, *e.g.*, *Hanback v. DRHI, Inc.*, 647 F. App'x 207, 209 (4th Cir. 2016) (affirming dismissal of declaratory judgment claim, where breach of contract claim was dismissed and was based on same legal theory); *Planet Earth TV, LLC v. Level 3 Commc'ns, LLC*, No. 1:17-CV-00090-MR-DLH, 2018 WL 3660205, at *3 (W.D.N.C. Aug. 2, 2018) (dismissing declaratory judgment claim as duplicative of breach of contract claim).

WHEREFORE, Defendants respectfully request that the First Amended Class Action Complaint be dismissed, in its entirety, with prejudice.

Respectfully submitted,

By: */s/ William P. Davis*
William P. Davis
Federal ID No.: 454
Baker, Ravenel & Bender, LLP
P.O. Box 8057 (29202)
3710 Landmark Drive, Suite 400
Columbia, South Carolina 29204
(803) 799-9091
(803) 779-3423 (facsimile)
E-mail: wdavis@brblegal.com

and

Stephen E. Goldman
   (pro hac vice motion forthcoming)
Wystan M. Ackerman
   (pro hac vice motion forthcoming)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8200
(860) 275-8299 (facsimile)
sgoldman@rc.com
wackerman@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ William P. Davis*_____