# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Miriam Butler and Evelyn Stewart, in her capacity as Personal Representative of the Estate of Joseph Stewart, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Travelers Home and Marine Insurance Company and The Standard Fire Insurance Company,<br><br>    Defendants. | Civil Action No.: 3:19-cv-02621-JMC |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *SPROULL V. STATE FARM FIRE & CAS. CO.*

Defendants The Travelers Home and Marine Insurance Company and The Standard Fire Insurance Company (collectively, "Defendants") respectfully submit this response to Plaintiffs' Notice of Supplemental Authority (Entry No. 37) regarding *Sproull v. State Farm Fire & Cas. Co.*, 2020 WL 4251702 (Ill. App. Ct. July 24, 2020). The Illinois Appellate Court's recent decision, which remains potentially subject to review by that state's supreme court, does not assist this Court with the task before it of either predicting how the South Carolina Supreme Court will decide the "labor depreciation" issue, or deciding to certify the issue to the South Carolina Supreme Court.

*Sproull* did not analyze decisions on the "labor depreciation" issue from other jurisdictions, other than noting the split of authority, explaining that "[b]ecause the language in an insurance policy is interpreted under the laws of Illinois, decisions from other jurisdictions generally provide limited guidance." *Id.* at *9-10. Instead of looking to other jurisdictions for guidance, the Illinois

1

Appellate Court focused heavily on two aspects of Illinois law on actual cash value (ACV) that are contrary to the law of South Carolina.

First, *Sproull* focused on an Illinois regulation providing for the determination of actual cash value as "replacement cost of property at time of loss less depreciation, if any," and further requiring preparation of worksheets "detailing any and all deductions for depreciation, including but not necessarily limited to, the age, condition, and expected life of the property." *Id.* at *7 (quoting 50 Ill. Adm. Code 919.80(d)(8)(A) (2002)). South Carolina has no statute or regulation defining actual cash value or depreciation. To the extent the South Department of Insurance has offered informal guidance, it has published a Post-Disaster Claims Guide with two hypothetical examples in which the department explained that South Carolina adheres to Travelers' position. *See* Entry No. 16-1, at 12; Entry No. 16-4, at 11-12.

Second, *Sproull* discussed at length Illinois law on ACV going back many years. The court explained that, since 1920, the Illinois Appellate Court had followed a rule under which "'actual cash value' means 'reproduction value less depreciation for age <u>and not market value</u>.'" *Sproull*, at *8 (quoting *Smith v. Allemannia Fire Ins. Co. of Pittsburgh*, 219 Ill. App. 506, 512-13 (1920)) (emphasis added). The Illinois Appellate Court further explained how two subsequent decisions of that court had followed what it described as the "*Smith* rule," and one of those decisions had again rejected fair market value as even a relevant consideration in determining ACV. *Id.* (citing *C.L. Maddox, Inc. v. Royal Ins. Co. of Am.*, 208 Ill. App. 3d 1042, 1055 (1991)). South Carolina law is the *opposite* of Illinois law on this point. As Travelers has previously briefed, South Carolina law on ACV focuses on "the actual value expressed in terms of money," based on the difference in market value before and after the loss, and is thus closely aligned with North Carolina law, a

2

jurisdiction in which the North Carolina Supreme Court ruled earlier this year in favor of Travelers' position here. *See* Entry No. 32, at 1-2; Entry No. 29.

This Court should predict that the South Carolina Supreme Court would follow (unsurprisingly) the North Carolina Supreme Court rather than very different Illinois law, and dismiss the Complaint with prejudice.

Respectfully submitted,

By:    */s/ William P. Davis*
     William P. Davis (Federal ID No. 454)
     Baker, Ravenel & Bender, LLP
     P.O. Box 8057 (29202)
     3710 Landmark Drive, Suite 400
     Columbia, South Carolina 29204
     E-mail: wdavis@brblegal.com
     (803) 779-9091; (803) 779-3423 (facsimile)

and

Stephen E. Goldman (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8200
(860) 275-8299 (facsimile)
sgoldman@rc.com; wackerman@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ William P. Davis*